<pre>
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                              NORTHERN DIVISION
                                 IN ADMIRALTY
                            CASE NO. _____
</pre>

| | |
|---|---|
| **DON HARRIS, HEATHER HARRIS & OLIVIA HARRIS, Plaintiffs,** ) ) ) | |
| vs. ) ) | |
| **M/V OBX 1 (NC 4583 ET), her boats, tackle, apparel, furniture, engines, and appurtenances, etc.** *in rem,* **and** ) ) ) ) ) ) | **VERIFIED COMPLAINT** |
| **JAMIE MOORE, SHANNON MOORE, OUTER BANKS ADVENTURES, a North Carolina Partnership or Joint Venture, MICHAEL FULTON & OUTER BANKS ADVENTURES, LLC,** *in personam,* **Defendants** ) ) ) ) ) ) ) ) ) ) | |

Plaintiffs Don Harris ("Don"), Heather Harris ("Heather") and Olivia Harris ("Olivia"), by and through their attorneys, file this Complaint under the general maritime law of the United States against *in rem* Defendant M/V OBX 1 (the "Vessel") and *in personam* Defendants Jamie Moore ("Jamie"), Shannon Moore ("Shannon"), Michael Fulton ("Fulton"), Outer Banks Adventures, an unregistered North Carolina Partnership or Joint Venture ("Predecessor Business") and Outer Banks Adventures, LLC ("Outer Banks"), alleging the following:

### JURISDICTION, PARTIES AND VENUE

1.  This action is brought under Rule 9(h) of the Federal Rules of Civil Procedure, in Admiralty and under the General Maritime Law of the United States. *See* 28 U.S.C. § 1333, and 46 U.S.C. § 30103 *et seq.* It arose out of Plaintiffs' injuries sustained while riding as passengers aboard the U.S. Coast Guard Inspected Small Passenger Vessel OBX 1, with North

Carolina registration NC 4583ET (the "Vessel") which, on information and belief, was owned and maintained by Defendants Jamie Moore and Shannon Moore and / or their unregistered North Carolina Partnership and / or Joint Venture, Defendant Outer Banks Adventures, trading as "Outer Banks Adventures," "Chesapeake Bay Adventures" and / or "OBX Adventures" (the "Predecessor Business") and was being operated at the time of the Incident (defined below) which is the subject of this action by Defendant Michael Fulton, on the navigable waters of the United States near Oregon Inlet in Roanoke Sound, Dare County, North Carolina, on 26 July 2023. Plaintiffs' injuries from this maritime tort were caused by Defendants' negligence and the Vessel's unseaworthiness as will be more fully described below. The Plaintiffs, injured passengers, are entitled to recover damages from Defendants, jointly and severally.

2. At all times material hereto, Plaintiff Don Harris ("Don") was an individual citizen and resident of Meigs County, Ohio.

3. At all times material hereto, Plaintiff Heather Harris ("Heather") was an individual citizen and resident of Meigs County, Ohio.

4. At all times material hereto, Plaintiff Olivia Harris ("Olivia") was an individual citizen and resident of Meigs County, Ohio.

5. On information and belief, the vessel OBX 1 (the "Vessel") was at all times material hereto and is a 2021 Diamond Back airboat of 20 feet in length, with North Carolina Wildlife identifying numbers NC 4583 ET, which is a United States Coast Guard Inspected Small Passenger Vessel within the meaning of 46 C.F.R. § Chapter 1, Subchapter T ("Small Passenger Vessels (Under 100 Gross Tons)") and a "Covered Small Passenger Vessel" within the meaning of 46 U.S.C. § 30501.

6. On information and belief, the Vessel was owned, at the time of the Incident, by the individual Defendants and / or the Predecessor Business and used in the Predecessor

Business at all times material hereto.

7. On information and belief, the Vessel did not have any form of speedometer onboard at any time material hereto.

8. On information and belief, at all times material hereto, Defendant Jamie Moore ("Jamie") was an individual citizen and resident of Dare County, North Carolina.

9. On information and belief, at all times material hereto, Defendant Shannon Moore ("Shannon") was an individual citizen and resident of Dare County, North Carolina.

10. On information and belief, at all times material hereto, Defendant Michael Fulton ("Fulton") was an individual citizen and resident of Dare County, North Carolina.

11. On information and belief, Defendant Outer Banks Adventures, an unregistered North Carolina Partnership or Joint Venture ("Predecessor Business") is and was at all times material hereto, an unregistered, unfiled partnership, and / or joint venture owned and operated by Defendants Shannon and Jamie under the trade names "Outer Banks Adventures," "Chesapeake Bay Adventures" and / or "OBX Adventures" of which, on information and belief, Defendants Jamie and Shannon were partners and / or joint venturers, which partnership and / or joint venture had a principal place of business in Dare County, North Carolina. On information and belief, Defendants Shannon and Jamie were in association to carry on as co-owners the Predecessor Business for profit.

12. On information and belief, and at all times material hereto, Predecessor Business held itself out to the public as a family-owned business, which owned and operated the Vessel at the time of the Incident (defined below) as "Outer Banks Adventures," "OBX Adventures" and / or "Chesapeake Bay Adventures," and not as a corporation, organized limited liability company or any other form of limited liability business entity.

13. On information and belief, Defendant Outer Banks is and was a North Carolina

limited liability company, authorized to conduct business in North Carolina beginning on 25 September 2023 when it was created, and which maintains a principal place of business in Dare County, North Carolina.

14. On information and belief, after the Incident, Predecessor Business, Jamie and / or Shannon transferred ownership of the Vessel to Defendant Outer Banks as reflected in the records of the North Carolina Wildlife Resources Commission.

15. On information and belief, Defendant Outer Banks merged or consolidated with, merely continued the operation of, expressly and / or impliedly assumed liabilities for, and otherwise is a successor in interest and liabilities to Predecessor Business. On information and belief, Outer Banks merely continued the same business as Predecessor Business, with the same boat(s), for the same tours, with the same employees, in the same locations, marketed to the same target market.

16. Alternatively, on information and belief, Defendant Outer Banks was fraudulently created shortly after the subject Incident to attempt to escape the liabilities or debts of Predecessor Business and / or Defendants Shannon and / or Jamie, as a result of the Incident, and is otherwise liable as a successor of the Predecessor Business.

17. At all times material hereto, Defendants Jamie and Shannon, individually and as partners and / or joint venturers, as owners of the Vessel and the Predecessor Business had the legal obligation to ensure that the Vessel was safe to operate, properly crewed, navigated safely in proper and safe conditions, equipped with all required safety equipment and devices and were otherwise responsible for the navigation of the Vessel and torts caused by the Vessel's operation.

18. On information and belief, Defendants Jamie and Shannon are jointly and severally liable for all torts committed by agents of Predecessor Business while carrying out

their and Predecessor Business' business.

19. On information and belief, the Vessel was not bareboat chartered to anyone at any time material hereto.

20. On information and belief, on the voyage which involved the Incident described below, and on many prior occasions, the Vessel was operated by Defendant Fulton with Defendants Predecessor Business, Jamie and / or Shannon's express permission, consent, and approval in the course of working for Predecessor Business and / or Jamie and Shannon.

21. On information and belief, on the Voyage involving the Incident described below, Defendant Fulton was operating the Vessel on Roanoke Sound in Dare County, North Carolina, which are navigable waters of the United States and within the Northern Division of the United States District Court for the Eastern District of North Carolina.

22. Venue is proper in the Northern Division of the United States District Court for the Eastern District of North Carolina.

**FACTS**

23. The allegations in the paragraphs above are re-alleged as if fully set forth herein.

24. On or about 12 July 2023, Plaintiff Heather booked a for-hire sightseeing tour of Roanoke Sound on the Vessel (the "Voyage") with Predecessor Business, through its authorized agent, Defendant Jamie, for herself and her daughter, Plaintiff Olivia, and husband, Plaintiff Don.

32. On or about 26 July 2023 (the "Incident Date") at approximately 9:00 AM, the Plaintiffs, along with 7 other passengers, boarded the Vessel to commence the Voyage, with Defendant Fulton serving as the Vessel's captain and sole crew member.

33. Prior to the commencement of the Voyage, no Defendant or any other agent of the Predecessor Business informed any Plaintiff that the Vessel would attempt any stunts or

attempt any 360-degree spin maneuvers on the Voyage. Instead, Plaintiffs were only told they were going on an "Eco-Tour."

34. Prior to the commencement of the Voyage, no written contract of carriage or waiver of liability was executed by any Plaintiff with respect to the Voyage.

35. On information and belief, prior to the Voyage, it was a common practice, known by Jamie, Shannon and the Predecessor Business, for the Predecessor Business' airboat captains, including at least Defendant Fulton, to perform 360-degree spin maneuvers with the Vessel and other airboat vessels owned or operated by the Predecessor Business during sightseeing tours of Roanoke Sound.

36. On information and belief, prior to the Commencement of the Voyage, all Defendants knew or should have known that Defendant Fulton may attempt a 360-degree spin maneuver during the Voyage.

37. On information and belief, 360-degree spin maneuvers in air boats are extremely dangerous and are not sanctioned by any authoritative publications regarding safe airboat operations.

38. On information and belief, Defendants, Jamie, Shannon and / or Predecessor Business negligently allowed and sanctioned the Vessel's attempt at an unreasonably dangerous 360-degree spin maneuver during the Voyage.

39. On the Incident Date, at approximately 1000 EST, while the Vessel was underway and being operated by Defendant Fulton, during the course of the Voyage, heading east, near Little Tim Island, Defendant Fulton negligently attempted a 360-degree spin maneuver, at an unsafe and excessive speed, which resulted in the Vessel flipping over, ejecting all of its occupants, and running aground in shallow water, rolling over and on top of Plaintiff Don, and resulting in multiple serious bodily injuries to all Plaintiffs (the "Incident"). The

aforementioned negligence of Defendant Fulton is attributable to Predecessor Business and Defendants Shannon and Jamie under the doctrine of *respondeat superior* and to Defendant Outer Banks under the doctrine of successor liability.

40. The Incident resulted in Plaintiff Don suffering multiple serious bodily injuries, including, but not limited to: seizures, fractures to multiple vertebrae, requiring a 6-level spinal fusion surgery, fractures to multiple ribs bilaterally, sprains to multiple ligaments to the thoracic spine, contusions to bilateral lungs, acute respiratory failure and hypoxia, multiple contusions and abrasions and other injuries which are reflected in his medical records. Plaintiff Don's injuries and surgery resulted in permanent impairments, loss of use and range of motion, pain and suffering and other future impairments.

41. The Incident resulted in Plaintiff Heather suffering multiple serious bodily injuries, including, but not limited to: a head injury with concussion, laceration of the forehead, multiple contusions and abrasions and other injuries as reflected in her medical records. Plaintiff Heather's injuries resulted in permanent scarring, among other permanent impairments.

42. The Incident resulted in Plaintiff Olivia suffering multiple serious bodily injuries, including, but not limited to: a grade 5 acromioclavicular / coracoclavicular separation of the left shoulder, requiring surgical repair of her coracoclavicular ligament using an Arthrex Tightrope fixation with endobutton, multiple contusions and abrasions and other injuries as reflected in her medical records. Plaintiff Olivia suffered surgical complications that resulted in right lower extremity numbness and drop foot among other future impairments, pain and suffering.

43. The Incident was caused by the fault and neglect of the Vessel's Master, the Vessel and her owners, including, without limitation, Defendants Jamie, Shannon, Fulton and

Predecessor Business.

44. The Incident foreseeably and proximately caused the Plaintiffs' injuries, resulting in past and future permanent severe pain and suffering, past and future permanent loss of range of motion, past and future loss of strength, permanent impairment, loss of income and earning capacity and other natural consequences of the injuries as shall be shown at the trial of this matter.

45. Plaintiffs incurred expenses for medical care and treatment and, on information and belief, will incur expenses for medical care, treatment and medication in the future.

## **First Cause of Action – Negligence of Defendants**

46. The allegations in the paragraphs above are re-alleged as if fully set forth herein.

47. Defendants Jamie, Shannon, Fulton and Predecessor Business had a duty to operate the Vessel with reasonable care for Plaintiffs' safety while they were paying passengers onboard the Vessel.

48. On information and belief, Defendants Jamie, Shannon, Fulton and Predecessor Business were negligent in the management and operation of the Vessel, breaching their duty of reasonable care, in the following ways, among others:

    a. by operating the Vessel in a known dangerous manner, including attempting an unreasonably dangerous 360-degee spin maneuver at an unreasonably high speed, despite the grave risk of obvious harm to the passengers aboard;

    b. by failing to operate the Vessel at a safe speed in light of the conditions on Roanoke Sound;

    c. by failing to keep the Vessel under proper control and on a safe bearing, considering her speed, conditions on Roanoke Sound, proximity to sandbars and shallow waters and other factors;

d.  by failing to provide for and keep a proper lookout for approaching hazards, and of the Vessel's bearing, considering her speed, conditions on Roanoke Sound, proximity to sandbars and shallow waters and other factors;

e.  by operating the Vessel without exercising reasonable care under the circumstances, including, *inter alia*, by operating at an unsafe speed, not taking proper steps to avoid flipping over and running aground on shallow sandbars, and other factors as will be shown in discovery and at the trial of this matter;

f.  by operating the Vessel without a speedometer such that the operator onboard could monitor the Vessel's speed;

g.  by doing or failing to do all the foregoing and without assuring the safety and security of Plaintiffs as passengers;

h.  by violating applicable Inland Navigation Rules including, without limitation, Rules 2 (Responsibility) 5 (Look-out), 6 (Safe Speed), 7 (Risk of Collision) and 8 (Action to Avoid Risk of Collision); and

i.  such other negligent acts and omissions as will be shown in discovery and at the trial of this matter.

49. Plaintiffs' injuries and damages as described above were a direct, foreseeable, and proximate result of Defendants Jamie, Shannon, Fulton and Predecessor Business' negligence.

50. All liability of the Predecessor Business is the liability of Outer Banks as its successor.

**Second Cause of Action – Negligence of Defendants Predecessor Company, Shannon, Jamie and Outer Banks**

51. The allegations in paragraphs above are re-alleged as if fully set forth herein.

52. As owners of the Vessel, and absent any bareboat charter, Defendants Jamie, Shannon and Predecessor Business were responsible for the management and navigation of their Vessel and are liable for torts committed by or with the Vessel, and Defendant Outer Banks, upon its creation, succeeded to such liabilities of Defendants Shannon, Jamie and / or Predecessor Business.

53. Further, on information and belief, Defendants Jamie, Shannon and Predecessor Business were also negligent, and the Vessel was unseaworthy, in at least the following particulars:

   a. by failing to ensure that the Vessel was safe to operate, was equipped with all required safety equipment and devices, such as a speedometer which could inform the Master of a safer speed at which to conduct even a more limited spin maneuver, and had a safe means for its operator to determine its speed;

   b. by sanctioning the Vessel's unreasonably dangerous 360-degree spin maneuver at an unreasonably high speed;

   c. by not using all means within their disposal to monitor the operation and speed of the Vessel to ensure its safe operation; and

   d. by other negligent acts and / or omissions which will be shown at the trial of this matter.

54. Plaintiffs' injuries and damages described above were a direct, foreseeable and proximate result of Defendants Jamie's, Shannon's and Predecessor Business' negligence.

55. All liability of Predecessor Business is the liability of Outer Banks as its successor.

### Third Cause of Action - Liability of Vessel *in rem*

56. The allegations in paragraphs above are re-alleged as if fully set forth herein.

57. The Vessel, owned or operated by one or more of the Defendants, was involved in the Incident and is responsible for the Plaintiff's damages, for which a maritime lien exists against the Vessel in favor of Plaintiffs.

58. Grounds exist for the arrest and sale of the Vessel, as requested hereunder, to satisfy the maritime lien of Plaintiffs.

**PRAYER**

WHEREFORE, Plaintiffs pray:

a. That process of arrest issue and be served on the Vessel as provided by Supplemental Admiralty Rule C, with all persons asserting any right of possession or ownership interest in the Vessel cited to appear and answer the matters herein;

b. That judgment be entered for Plaintiff Don and against all Defendants, jointly and severally, in an amount in excess of $6,000,000.00, exclusive of interest and costs, as demonstrated at trial for his past, present and future damages, plus pre-judgment and post-judgment interest, collection and recovery costs, attorneys' fees, and other amounts as are or may become due and owing;

c. That judgment be entered for Plaintiff Heather and against all Defendants, jointly and severally, in an amount in excess of $500,000.00, exclusive of interest and costs, as demonstrated at trial for her past, present and future damages, plus pre-judgment and post-judgment interest, collection and recovery costs, attorneys' fees, and other amounts as are or may become due and owing;

d. That judgment be entered for Plaintiff Olivia and against all Defendants, jointly and severally, in an amount in excess of $3,000,000.00, exclusive of interest and costs, as demonstrated at trial for hers past, present and future damages, plus pre-judgment and

post-judgment interest, collection and recovery costs, attorneys' fees, and other amounts as are or may become due and owing;

e. That the Vessel be condemned and sold and the proceeds applied to such judgment;

f. That this Honorable Court grant Plaintiffs such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted this, the 5th day of August 2024,

**CLARK, NEWTON & EVANS, P.A.**
*Counsel for Plaintiff*
By:
/s/ Don T. Evans, Jr.
NC Bar No. 19003
/s/ Seth P. Buskirk
NC Bar No. 36664
509 Princess St.
Wilmington, North Carolina 28401
Telephone: (910) 762-8743
Facsimile: (910) 762-6206
dte@clarknewton.com
spb@clarknewton.com

## UNSWORN DECLARATION (28 USC § 1746) AND VERIFICATION

I, Don Harris, do declare under penalty of perjury:

1) I have read the foregoing Verified Complaint
2) The statements contained in the Verified Complaint are true and correct to the best of my personal knowledge, excepting those things alleged on information and belief, and as to them, I believe them to be true.

_____
Don Harris

Date: 7/29/24

## UNSWORN DECLARATION (28 USC § 1746) AND VERIFICATION

I, Heather Harris, do declare under penalty of perjury:

1) I have read the foregoing Verified Complaint
2) The statements contained in the Verified Complaint are true and correct to the best of my personal knowledge, excepting those things alleged on information and belief, and as to them, I believe them to be true.

*Heather Harris*
Heather Harris

Date: 7-29-24

## UNSWORN DECLARATION (28 USC § 1746) AND VERIFICATION

I, Olivia Harris, do declare under penalty of perjury:

1) I have read the foregoing Verified Complaint
2) The statements contained in the Verified Complaint are true and correct to the best of my personal knowledge, excepting those things alleged on information and belief, and as to them, I believe them to be true.

_____
Olivia Harris

Date: 07-29-2024